# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7993 | **DATE** | 5/7/2001 |
| **CASE TITLE** | 188 LLC vs. TRINITY INDUSTRIES, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Trinity Industries, Inc.'s motion to dismiss [11-1] is granted. ENTER MEMORANDUM OPINION AND ORDER. All pending dates are stricken.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 5/14/01 | 14 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | C.S. | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/7/2001 | |
| SB | courtroom deputy's initials | date mailed notice | |
| | | jad | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ED-7 FILED FOR DOCKETING
01 MAY 11 PM 5: 03



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 188 LLC, an Illinois Limited Liability Company, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7993 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| TRINITY INDUSTRIES, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

188 LLC ("188") sues Trinity Industries, Inc. ("Trinity") for breach of contract (Count I), violations of the Illinois Consumer Fraud Act, 815 ILCS 5/1 *et seq.* (Count II), and tortious interference with existing contractual relations (Count III). Specifically, 188 contends Trinity failed to meet its obligations regarding repairs of 188's railroad cars. Trinity moves to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6). 188 has failed to respond.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). 188 is an Illinois corporation with its principle place of business in Forest Park, Illinois. Trinity is a Delaware corporation with its principle place of business in Dallas, Texas.

On February 15, 2000, 188 and Trinity entered into a contract under which Trinity would repair 188's railroad cars at Trinity's facilities in Saginaw, Texas and Miles City, Montana. The contract stated, "Sales of all services and materials are subject to the general terms and conditions .

. . ." Cmplt. at Ex. 1. Trinity's general terms and conditions are found in Form 4, titled "Trinity Railcar Repair General Terms and Conditions." Form 4 states: (1) "Trinity's liability for any and all losses and damages resulting from any cause whatsoever . . . shall be limited to the repair or replacement . . . of any part or parts of any car" found to be defective within one year of delivery of such car; (2) "In no event, including in the case of a claim of negligence, shall Trinity be liable for indirect, special, or consequential damages;" and (3) Trinity "shall have no liability . . . for indirect, special or consequential damages arising from a breach of this contract by Trinity . . . or from any cause arising from this contract." Cmplt. at Ex. 2. 188 alleges that Trinity agreed to exclude Form 4 from the contract.

188 contends Trinity failed to meets its contractual obligations by providing poor quality work. Trinity's unsatisfactory performance included: (1) allowing hazardous material leaks to remain in "repaired" cars; (2) charging more than the agreed price for repairs; (3) failing to repair cars within the agreed time frames; (4) keeping the cars in the repair shops longer than necessary; (5) refusing to perform the proper conversions; and (6) sending 188's cars to another company without 188's consent. 188 further alleges Trinity knew that the Federal Rail Administration ("FRA") would declare 188's cars removed from service if the repairs were not completed by April 16, 2001. Trinity understood that such FRA action would cause material financial loss to 188 and drive the corporation out of business.

## DISCUSSION

### I. Motion to dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim

2

may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

**II.     Damages**

Trinity contends that all damages claimed by 188 are precluded by the express terms of the contract, namely Form 4's provisions.[1] 188 alleges the parties excluded Form 4's terms and conditions from their agreement.

Plaintiffs may not use evidence of prior or contemporaneous oral agreements to vary or contradict the terms of an integrated written contract. *International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc.*, 192 F.3d 724, 729 (7th Cir. 1999). "A contract is integrated if the parties intended it to be a final and complete expression of their agreement." *Id.* It is the court's responsibility to determine whether the parties intended a contract to be integrated. *AM International Inc. v. Graphic Management Associates, Inc.*, 44 F.3d 572, 575 (7th Cir. 1995). Courts may use extrinsic evidence in making this determination. *Baxter Healthcare Corporation v. O.R. Concepts, Inc.*, 69 F.3d 785, 789 (7th Cir. 1995). However, extrinsic evidence may not be used "to create a conflict completely apart from the contract itself." *Id.* "There must be either contractual language on which to hang the label of ambiguous or some yawning void . . . that cries out for an implied term." *Id.* (internal citations omitted). 188 does not allege that a specific provision in the contract creates intrinsic ambiguity or that any contractual void suggesting the exclusion of Trinity's general terms and

---

[1] 188 attached the contract to the amended complaint. The contract "is therefore incorporated in the parties' pleadings and may properly be considered on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Stepan Co. v. Winter Panel Corp.*, 948 F.Supp. 802, 809 n.5 (N.D. Ill. 1996).

3

conditions might be implied. In fact, the contract expressly states that Trinity's general terms and conditions do apply. Therefore, this court must consider Trinity's general terms and conditions to be binding on the parties. *See also Baxter Healthcare Corporation v. O.R. Concepts, Inc.*, 69 F.3d 785, 790 (7th Cir. 1995) (when parties are "sophisticated corporations with access to legal counsel that have clearly laid out their obligations in the agreement," courts are more likely to find their contract to be integrated); *Home Ins. Co. v. Chicago and Northwestern Transportation Co.*, 56 F.3d 763, 767 (7th Cir. 1995) (courts may find contracts to be fully integrated even when the contracts do not include merger clauses or specifically state that they are fully integrated).

Parties are held to the exclusive remedies set forth in their contracts. *Stepan Company v. Winter Panel Corporation*, 948 F.Supp. 802, 807 n.2, 809-810. The contract between Trinity and 188 limits recovery to the replacement or repair of railroad cars. 188 seeks neither the repair nor replacement of any railroad car or part. Because 188 has no other remedy against Trinity as a matter of law, 188's amended complaint must be dismissed.

### III.    Illinois Consumer Fraud Act

Even if 188 could recover the damages it seeks, Count II still would be dismissed. When a dispute involves two non-consumer businesses, the plaintiff lacks standing under the Illinois Consumer Fraud Act unless the transaction at issue "involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Web Communications, Inc. v. Gateway 2000, Inc.*, 889 F.Supp. 316, 323 (N.D. Ill. 1995). Courts have consistently resisted attempts by plaintiffs to portray otherwise ordinary breach of contract claims as causes of action under the Illinois Consumer Fraud Act. *Lake County Grading Company of Libertyville, Inc. v. Advance Mechanical Contractors*, 654 N.E.2d 1109, 1115 (2d. Dist. 1995).

188 alleges Trinity violated the act by (1) refusing to perform the conversion of the rail cars at the agreed price, (2) using 188's car parts without authorization, and (3) writing a letter that falsely stated the FRA would allow additional months for repairs. 188 alleges that Trinity's conduct "has an effect on the public generally since the rail cars travel in interstate commerce through Illinois." Cmplt. at ¶ 12. This allegation fails to adequately explain how consumer protection concerns are implicated by Trinity's actions. Almost every product or service sold by one commercial party to another will ultimately affect a consumer, but the act does not apply to all commercial transactions. *Stepan Co.*, 948 F.Supp. at 807. Therefore, to state a cause of action under the act something more must be alleged than a mere effect on consumers. *Id.* Because 188 failed "to allege the necessary nexus between the complained of behavior and consumer protection concerns generally," Count II must be dismissed. *See Id.* at 806-07 (dismissing plaintiff's consumer fraud claim when plaintiff alleged that "consumers are the ultimate end users of the products at issue").

## IV.   Tortious Interference With Existing Contractual Relations

There is another reason for dismissing Count III independent of damages. In order to state a claim for tortious interference with existing contractual relations, a plaintiff must allege: (1) the existence of a valid and enforceable contract with a third party; (2) defendant's awareness of this contractual relationship; (3) defendant's intentional and unjustified inducement of the contractual breach; (4) a subsequent breach by the third party that was caused by defendant's wrongful conduct; and (5) damages. *International Marketing, Ltd.*, 192 F.3d at 731.

188 alleges Trinity's actions caused 188 to breach its contracts with Deutsche Bank and PLM Transportation Equipment Corporation. 188 does not allege that Trinity's actions induced a third

party to breach its contract with 188. Because 188 has failed to satisfy the fourth prong, 188's claim for tortious interference with existing contractual relations fails.

## **CONCLUSION**

Trinity's motion to dismiss is granted.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

May 7, 2001