Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7993 | **DATE** | 9/7/2001 |
| **CASE TITLE** | 188 LLC vs. TRINITY INDUSTRIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Trinity Industries, Inc.'s motion to dismiss [26-1] is granted. This action is dismissed with prejudice. ENTER MEMORANDUM OPINION AND ORDER.

   /s/ Suzanne B. Conlon

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 1 0 2001 date docketed | |
| | Docketing to mail notices. | | 29 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/7/20 date mailed notice | |
| SB | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP -7 PM 7: 31 | CB |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 188 LLC | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 7993 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| TRINITY INDUSTRIES, INC. | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

188 LLC ("188") sues Trinity Industries, Inc. ("Trinity") for breach of contract alleging Trinity failed to meet its obligations regarding repairs of 188's railroad cars. Trinity moves to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). 188 is an Illinois corporation with its principle place of business in Forest Park, Illinois. Trinity is a Delaware corporation with its principle place of business in Dallas, Texas.

On February 15, 2000, 188 and Trinity entered into a contract under which Trinity would repair 188's railroad cars at Trinity's facilities in Saginaw, Texas and Miles City, Montana. The contract stated, "Sales of all services and materials are subject to the general terms and conditions..." Second Amended Complaint ("Compl.") at Ex. B. Trinity's general terms and conditions are found

1



in Form 4, titled "Trinity Railcar Repair General Terms and Conditions." *Id.* at Ex. C. Form 4 states: (1) "Trinity's liability for any and all losses and damages resulting from any cause whatsoever ... shall be limited to the repair or replacement ... of any part or parts of any car found to be defective within one year of delivery of such car" (2) "In no event, including in the case of a claim of negligence, shall Trinity be liable for indirect, special, or consequential damages;" and (3) Trinity "shall have no liability ... for indirect, special or consequential damages arising from a breach of this contract by Trinity ... or from any cause arising from this contract." *Id.* at Ex. C. 188 alleges Form 4 was not transmitted with the contract, and was not communicated in any other way to 188 when the contract was formed. *Id.* at ¶ 8.

188 contends Trinity failed to meet its contractual obligations by providing poor quality work. Trinity's unsatisfactory performance included: (1) charging more than the agreed price for repairs; (2) failing to repair cars within the agreed time frames; and (3) scrapping cars at a rate higher than the agreed rate. 188 seeks money damages for the alleged breach of contract. *Id.* at ¶ 11.

In 188's first amended complaint, 188 argued Trinity agreed to exclude Form 4 from the contract, which limits 188's remedies to repairs and replacements. The court granted Trinity's motion to dismiss without prejudice, holding that evidence of prior or contemporaneous oral agreements could not vary or contradict the terms of the fully integrated contract. 188 moved to amend its complaint, enclosing a two-count complaint with its motion. The court granted 188's motion but struck Count II as it failed to raise an additional contract claim.

## DISCUSSION

### I. Motion to Dismiss standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

### II. Damages and Form 4

Trinity contends all damages claimed by 188 are precluded by the express terms of the contract, namely Form 4's provisions. 188 attached the contract to its second amended complaint. Compl. at Ex. B. The contract is "therefore incorporated in the parties' pleadings and may properly be considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Stepan Co. v. Winter Panel*, 948 F. Supp. 802, 809 n.5 (N.D. Ill. 1996).

In response, 188 states it never saw or received Form 4 from Trinity. If a contract specifically references additional provisions, "those additional provisions become as much a part of the contract as if they were expressly written in it." *Wilson v. Wilson*, 217 Ill.App.3d 844, 853, 577 N.E.2d 1323, 1329 (1991). When a party incorporates other writings into a contract by reference, the incorporated document is binding even where the parties have not seen it. *Norman Security Sys., Inc. v. Monitor Dynamics, Inc.*, 740 F. Supp. 1364, 1368 n.2 (N.D. Ill. 1990). In *Norman*, the plaintiff sought to escape a contract with the defendant for the sale of a security system that failed to operate properly.

3

*Norman*, 740 F. Supp. at 1364-66. Plaintiff contended that a price list specifically referred to in the written contract was not attached as an exhibit. The court held the plaintiff accountable for the price list because he had signed an agreement expressly incorporating the list. *Id.* at 1368 n.3.

Similarly, in *Andren & Assoc v. Scitex American Corp.*, No. 95 C 276, 1995 WL 669109 (N.D. Ill. Nov. 8, 1995), the plaintiff contended he never saw or discussed the standardized terms and conditions containing limitations on remedies. *Andren*, 1995 WL 669109, at *2. The court noted the contract stated the transaction was "pursuant to [Defendant's] Standard Terms and Conditions of Sale attached." The court found the sales agreement sufficiently placed plaintiff on notice that the additional terms were incorporated. *Id.* Thus, the court held those terms were binding even if the plaintiff had not seen it. *Id.* at *3. Accordingly, the court dismissed the complaint because plaintiff's remedies were limited to replacement and repair.

*Andren* is factually analogous. The contract between 188 and Trinity stated, "Sales of all services and materials are subject to the general terms and conditions on the reverse side." Compl. at Ex. 3. The contract referenced the additional terms, stated their location, and informed 188 that the transaction was subject to those terms. This is sufficient to place 188 on notice that the transaction incorporated additional terms on the reverse side of the contract. Similar to *Andren*, 188 is bound by the remedy limitations even if 188 did not receive these additional terms. Furthermore, 188 could have inquired about the missing pages when it received the contract; it did not. *See J.M. Process Sys., Inc. v. W.L. Thompson Elec., Co.*, 218 Ill.App.3d 350, 354, 578 N.E.2d 264, 267 (1991); *see also Raczynski v. International Business Machines, Corp.*, No. 92 C 6423, 1993 WL 282722 (N.D. Ill. July 21, 1993) (additional agreements that plaintiff claims he never saw were incorporated by reference into the contract); *Burns v. Ford Motor Co.*, 29 Ill.App.3d 585, 331 N.E.2d

4

325 (1st Dist. 1974) (additional indemnity agreement containing "general conditions" were incorporated into contract where referenced but not attached). Accordingly, Form 4 is enforceable and binding on 188.

188 argues this court's July 9, 2001 order granting leave to file a second amended complaint indicated Count I could withstand a motion to dismiss. This is a misreading of the court's order. The court only found 188's new allegation did not contradict its original position that Trinity consented to the exclusion of Form 4. On that basis, the court granted leave to amend the complaint.

Parties are held to the exclusive remedies set forth in their contracts. *Stepan Company*, 948 F.Supp. at 807 n.2. The court previously ruled the contract between Trinity and 188 limits recovery to the replacement or repair of railroad cars. *188 LLC v. Trinity Indus., Inc.*, No. 00 C 7993, 2001 WL 506891, at *2 (N.D. Ill. May 14, 2001); *see also Andren*, 1995 WL 669209, at *2-3. 188 seeks neither the repair nor replacement of any railroad car or part in its second complaint. Because 188 has no other remedy against Trinity as a matter of law, 188's second amended complaint must be dismissed.

## CONCLUSION

The motion to dismiss is granted. This action is dismissed with prejudice.

September 7, 2001

ENTER:

Suzanne B. Conlon
United States District Judge